## Case No. 10,730.

### PARKER v. CARTZLER.

[5 McLean, 4.][1]

Circuit Court, D. Ohio. Oct. Term, 1849.

WITNESS FEES — SUMMONED IN SEVERAL CAUSES.

A motion was made by Mr. Mason, to retax the costs of a witness summoned in eleven cases, and charged for an attendance in each. Cited 1 Stat. 73 (Act 1789); 3 Stat. 21 (Act 1813).

This motion was opposed by Mr. Noble, who cited 5 Mass. 313; 10 Mass. 174; Crosby v. Folger [Case No. 3,421]; 1 Pick. 452; 1 Wend. 68.

OPINION OF THE COURT. The court have generally followed the practice of the state court, in allowing witness fees. In perhaps all the states in this circuit, each witness is allowed to claim his per diem in all the cases in which he has been summoned. But this in some cases would give a witness in the circuit court of the United States from ten to twenty dollars each day. Such cases require the alteration of the rule, and we, therefore, adopt a rule, "that where a witness shall be summoned in several causes, he shall be allowed a per diem and mileage only in one case; and such allowance shall be distributed and charged equally among the cases in which he shall be summoned."

## Case No. 10,731.

### PARKER v. CORBIN.

[4 McLean, 462;[1] 2 Robb, Pat. Cas. 736.]

Circuit Court, D. Ohio. Nov. Term, 1848.

PATENTS— INFRINGEMENT— IGNORANCE OF PLAINTIFF'S RIGHTS—COMPENSATORY AND VINDICTIVE DAMAGES.

1. Where a patent right has been infringed, the defendant not knowing of the plaintiff's right

at the time, no more than compensatory damages will be given.

2. But where the infringement is characterized by a disposition to affect the interest of the patentee, counsel fees, and what may be termed vindictive damages, may be assessed by the jury.

In equity.

Mr. Ewing, for plaintiff.

OPINION OF THE COURT. This is an action for the infringement of a patent, by the construction of a water wheel for a saw mill, using the right which exclusively belonged to the plaintiff. The defendant suffered a default, and the jury were sworn to inquire of the damages, etc. The counsel prayed the court to instruct the jury that the plaintiff was entitled to recover as a part of the damages the counsel fees paid by the plaintiff. The court declined giving the instruction positively, but said to the jury, the damages were to be assessed by them in the exercise of their judgment, from the evidence. That where the act complained of had been done without a knowledge of the plaintiff's right, and under such circumstances as to authorize the jury to infer that the defendant was not aware that he was violating the rights of any one, the damages should be so graduated as to give nothing more than to compensate the injury done to the plaintiff. But where the circumstances were of a somewhat aggravated character, what was sometimes called in the law vindictive damages might be given, which would include counsel fees, and something more by way of example to deter others from doing the same thing. Verdict for plaintiff.

[For other cases involving this patent see note to Parker v. Hatfield, Case No. 10,736.]